STATE OF NORTH CAROLINA v. DANNY JONES

No. 7310SC797

(Filed 9 January 1974)

**Forgery § 2— uttering — instructions — fraudulent intent**
The trial court erred in its instructions on the crime of uttering a forged check when the court in one portion of the charge failed to include intent to defraud as an element of the crime and the court in another portion of the charge instructed the jury that offering the forged check with fraudulent intent constitutes uttering but immediately thereafter instructed that fraudulent intent was immaterial.

APPEAL by defendant from *Martin (Perry), Judge,* 9 July 1973 Session of Superior Court held in WAKE County. Argued in the Court of Appeals on 10 December 1973.

Defendant was charged in a bill of indictment with the crimes of forgery and uttering. Defendant pleaded not guilty. The jury returned a verdict of guilty of uttering a forged check.

The State's evidence tended to show the following: On 3 April 1973 Mr. Will Spence (Spence), an employee of Wachovia Bank & Trust Company, Raleigh, North Carolina, was asked by defendant to cash a check drawn on the account of one Brooks F. Jones and payable to the order of Danny Jones in the amount of twenty dollars ($20.00). The check was on a Wachovia account and was signed with the signature of Brooks F. Jones.

While the defendant was seated at Spence's desk, Spence contacted the bookkeeping department for a comparison of the maker's signature. Spence concluded the signature on the check was not the signature of the Wachovia customer, Brooks F. Jones. Spence then contacted the purported maker of the check, Brooks F. Jones, while his secretary notified the police. Spence then requested defendant to endorse the check a second time in his presence. Defendant had stated to Spence that he had cashed a check in the bank the day before and that Mr. Perkins, another Wachovia employee, had approved the check. On redirect examination Spence was permitted to testify over objection that the check which defendant had cashed the day before was a forgery.

Brooks F. Jones then testified that on 3 April 1973 he went to the Wachovia Bank after Mr. Spence called to see if he had written a check to buy some art work. Upon arrival, Spence

State v. Jones

showed the check to Brooks Jones and asked him if he had written it. Brooks Jones told Spence he had not written the check, had not authorized the check to be written on his behalf, and had never seen the defendant before.

Defendant offered no evidence.

*Attorney General Morgan, by Assistant Attorney General Boylan, for the State.*

*Manning, Fulton & Skinner, by Howard E. Manning, Jr., for defendant.*

BROCK, Chief Judge.

Defendant contends that the trial judge erred in his charge to the jury in applying the law as to the charge of uttering against the defendant.

"Uttering a forged instrument consists of offering to another the forged instrument with the knowledge of the falsity of the writing and with intent to defraud." *State v. Greenlee,* 272 N.C. 651, 159 S.E. 2d 22.

The trial court in its initial portion of the charge on uttering instructed the jury as follows:

"Now, I charge you, that for you to find the defendant guilty of uttering a forged check, the State must prove these things beyond a reasonable doubt, bearing in mind what I have indicated to you what a reasonable doubt was. First, that the check was falsely made, and that it was endorsed, altered or made in some manner by this defendant. If you find that some of the evidence of the State's case indicates that it was endorsed by the defendant, as some of the State's evidence indicates, and as the State contends, then this would be falsely uttering an instrument or check."

Later on in the jury charge the trial court instructed the jury that " . . . mere offering of the false instrument, in this case a check, with fraudulent intent, constitutes an uttering or publishing. The fraudulent intent, regardless of its successful confirmation is immaterial."

In the first portion of this charge, we find the trial judge attempting to set forth the elements of the offense of uttering. The element of intent to defraud is missing from the instruc-

tions. Within the latter portion of the charge the trial judge instructed the jury that offering the check with fraudulent intent constitutes uttering, but he immediately instructed that fraudulent intent was immaterial.

"Conflicting instructions on the applicable law or on a substantive feature of the case, particularly on the burden of proof, entitle defendant to a new trial, since it must be assumed on appeal that the jury was influenced in coming to a verdict by that portion of the charge which was erroneous." 3 Strong, N. C. Index 2d, Criminal Law, § 168, pp. 130-131.

We do not discuss defendant's remaining assignments of error since the questions presented may not recur upon a new trial.

New trial.

Judges MORRIS and CARSON concur.