TOWN OF MEBANE v. IOWA MUTUAL INSURANCE COMPANY

No. 7515SC534

(Filed 17 December 1975)

1. Attorney and Client § 4— testimony by trial attorney

While an attorney is competent to testify for his client, he or any member of his firm may not continue representation in the trial unless he can come under the exceptions listed in Disciplinary Rule 5-101(b) (1)-(4) of the Code of Professional Conduct.

2. Attorney and Client § 4— testimony by trial attorney

In an action to recover under a bonding contract for an embezzlement loss, the trial court did not err in refusing to permit plaintiff's attorney to testify as to defendant's waiver of the two-year limitation provision of the contract unless the attorney withdrew as trial counsel.

APPEAL by plaintiff from *Braswell, Judge.* Order entered 3 February 1975 in Superior Court, ALAMANCE County. Heard in the Court of Appeals 16 October 1975.

Plaintiff's action was to recover on a bonding contract which provided that defendant insurance company would reimburse the plaintiff town for losses sustained, up to $10,000, as a result of dishonesty of any of the town's employees. Under the terms of the contract the defendant was not liable unless action was brought within two years after loss was discovered.

The complaint alleged that plaintiff had suffered an embezzlement loss. Defendant denied the allegations and alleged that action had not been brought within two years after discovery of the loss as required by the contract. Plaintiff amended its complaint and alleged that defendant had waived the two-year limitation provision.

At the pretrial conference the presiding judge was advised by defendant that plaintiff was grounding its case on an alleged waiver by defendant of the contract provision requiring action to be brought within two years after discovery of loss; that plaintiff would present evidence of the alleged waiver through the testimony of plaintiff's attorney. Defendant objected to the attorney testifying as long as he or his firm were attorneys for the plaintiff.

It was ruled by the judge at pretrial conference that the attorney would not be permitted to testify as a witness and at the same time represent the plaintiff. Moreover, the court suggested that if the attorney had to be a witness for plaintiff that the attorney should withdraw and secure other counsel to try the case, and that in such event a continuance would be allowed to give new counsel opportunity to prepare.

Plaintiff's counsel advised the court that they wished to go forward with the trial as scheduled. Counsel further advised that they would not withdraw but would tender the attorney as a witness and take exception to the judge's ruling.

The trial judge sitting without a jury held for defendant and found that there had been no waiver of the provision requiring that action be brought within two years after discovery of loss. From judgment denying recovery plaintiff appeals to this Court.

*Allen, Allen & Bateman, by J. Kent Washburn, for plaintiff appellant.*

*Henson, Donahue & Elrod, by Perry C. Henson and Kenneth R. Keller, for defendant appellee.*

ARNOLD, Judge.

This case presents the troublesome question of when an attorney may testify on behalf of a client and not withdraw as trial counsel. The weight of authority in this country is that while it is a breach of professional ethics for an attorney for a party to testify as to matters other than formal matters without withdrawing from the litigation, he is not incompetent so to testify. The testimony is admissible if otherwise competent. 118 A.L.R. 954 (1939).

The Supreme Court of North Carolina has historically discouraged the practice of attorneys testifying on behalf of clients,

and although it has been allowed, in most instances the lawyer acting as witness for his client has surrendered his right to participate in the litigation. *In re Will of Kemp*, 236 N.C. 680, 73 S.E. 2d 906 (1953); *see State v. Woodside*, 31 N.C. 496 (1849).

Recognizing the unique problem of attorneys appearing as witnesses on behalf of parties they represent, the Council of the N. C. State Bar, an agency created by the General Assembly of North Carolina and empowered to formulate and adopt rules of ethics and conduct for attorneys licensed to practice in this State, adopted rules applicable to this situation in the Code of Professional Responsibility. (4A Gen. Stat. Append. VII 169 (Sup. 1974)). The pertinent rules of the Code are as follows:

> "DR5-101—Refusing Employment When the Interests of the Lawyer May Impair His Independent Professional Judgment.
>
> . . . .
>
> (B) A lawyer shall not accept employment in contemplated or pending litigation if he knows or it is obvious that he or a lawyer in his own firm ought to be called as a witness, except that he may undertake the employment and he or a lawyer in his firm may testify:
>
> (1) If the testimony will relate solely to an uncontested matter.
>
> (2) If the testimony will relate solely to a matter of formality and there is no reason to believe that substantial evidence will be offered in opposition to the testimony.
>
> (3) If the testimony will relate solely to the nature and value of legal services rendered in the case by the lawyer or his firm to the client.
>
> (4) As to any matter, if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

> "DR5-102—Withdrawal as Counsel When the Lawyer Becomes a Witness.
>
> (A) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious

that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify in the circumstances enumerated in DR5-101 (B) (1) through (4)."

Article 2, Section 1 of the N. C. Constitution provides that "The legislative powers of the State shall be vested in the General Assembly. . . . " It is clear that the General Assembly is not to abdicate or delegate its authority to make law, but where it has declared the policy to be effectuated, established a framework of law within which the legislative goals are to be accomplished, and created standards for the guidance of the administrative agency, it may delegate to such agency the authority to make determinations of fact upon which the operation of the statute is made to depend. *Foster v. Med. Care Com.*, 283 N.C. 110, 195 S.E. 2d 517 (1973) ; *Coastal Hwy. v. Auth.*, 237 N.C. 52, 74 S.E. 2d 310 (1953).

G.S. Chapter 84, Article 4 creates the N. C. State Bar as the agency, subject to the superior authority of the General Assembly, to formulate and adopt rules of professional ethics and conduct for licensed attorneys. Adequate standards are set forth to guide the State Bar in effectuating the policy or legislative goals declared by the General Assembly.

While the Disciplinary Rules set forth in the Code of Professional Conduct do not control the admissibility of evidence or the competency of witnesses, they do govern the ethics and conduct of attorneys licensed to practice law in the State, and it should be the policy of the courts to give effect to these rules which specifically address the question of when an attorney may be a witness for a party he represents.

[1]  We see no inconsistency in the Code of Professional Conduct and the uniform practice that has existed in North Carolina with respect to attorneys testifying on behalf of clients. If it becomes obvious that an attorney ought to testify on behalf of his client it is clear that he may do so, but he or any member of his firm shall not continue representation in the trial unless he can come under the exceptions listed in Disciplinary Rule 5-101 (B) (1) through (4). The exceptions allow an attorney or a member of his firm to testify and continue representation of

Town of Mebane v. Insurance Co.

the client if the testimony relates solely to an uncontested matter; relates solely to a matter of formality and there is no reason to believe substantial evidence will be offered in opposition; relates solely to the nature and value of legal services rendered; and "as to any matter if refusal would work a substantial hardship on the client because of the distinctive value of the lawyer or his firm as counsel in the particular case."

The learned trial judge was mistaken during the trial when he remarked that "[a]s a matter of law one cannot be a counsel of record and a witness for his client in one and the same lawsuit. There are no facts or circumstances presented or shown to this court to modify or change it, or make any exception even if the law would permit an exception. I know of no law that permits any exception." Both the Code of Professional Conduct, as already cited, and the common practice recognized by the North Carolina Supreme Court provide for exceptions whereby attorneys may testify on behalf of clients. See *In re Will of Kemp, supra;* and *State v. Woodside, supra.*

[2]  We feel, however, that there was no error in refusing to allow the attorney's testimony in this case. The ruling by the trial judge actually occurred during a pretrial conference in which the court instructed the attorney that he would be allowed to testify only if he withdrew and secured other counsel to try the case.

Plaintiff's contention that to require it to secure new counsel would be an economic hardship, and hence a substantial hardship as contemplated in Disciplinary Rule 5-101(B)(4), was expressly rejected by the judge in the pretrial conference. Indicating that he had considered Disciplinary Rule 5-101, and due to the nature of the testimony offered, the judge declared that the plaintiff's attorney would not be permitted to testify.

In making his determination not to allow the attorney to be a witness unless he withdrew the trial judge properly considered Disciplinary Rule 5-101. It was the judge's view that due to the nature of the testimony offered the attorney did not come under the exception in 5-101(B)(4) as a matter of law. We agree.

No sudden emergency developed during the course of the trial which presented plaintiff's attorney with the dilemma of whether he ought to take the stand as a witness for his client. He was given ample notice of the court's ruling before trial

commenced, and the court offered to postpone the trial of the case in order for new counsel to prepare. This is not a case where the testimony offered by the attorney came within any of the exceptions set forth under Disciplinary Rule 5-101 (B) (1) through (4).

Plaintiff also assigns as error the court's holding as a matter of law that there was no evidence of waiver by defendant of the requirement to commence action within two years following discovery of the loss.

Both parties cite *Hicks v. Insurance Co.*, 226 N.C. 614, 617, 39 S.E. 2d 914 (1946), which states the relevant law with respect to waiver as follows: "Waiver of the . . . provision in a policy of insurance is predicated on knowledge on the part of the insurer of the pertinent facts and conduct thereafter inconsistent with an intention to enforce the condition."

Plaintiff argues that the fact that defendant requested and received from plaintiff a copy of a transcript of certain criminal proceedings is evidence of waiver. We disagree, and find no evidence in the record to show any conduct by defendant which was inconsistent with an intention to enforce the two-year condition, or which would have caused plaintiff to honestly believe there was any waiver.

We find no error in the court's conclusion that there was no evidence of waiver of the contract provision.

Affirmed.

Judges BRITT and VAUGHN concur.