STATE OF NORTH CAROLINA v. ROGER DALE STAPLETON

No. 7518SC934

(Filed 5 May 1976)

1. **Criminal Law § 80— computer printouts — requirements for admissibility**

    Printout cards or sheets of business records stored on electronic computing equipment are admissible in evidence, if otherwise relevant and material, if: (1) the computerized entries were made in the regular course of business, (2) at or near the time of the transaction involved, and (3) a proper foundation for such evidence is laid by testimony of a witness who is familiar with the computerized records and the methods under which they were made so as to satisfy the court that the methods, the sources of information, and the time of preparation render such evidence trustworthy.

2. **Criminal Law § 80— airline reservation computer printout — proper foundation laid for admission**

    In a prosecution for forgery, conspiracy to utter a forged instrument, and conspiracy to forge where defendant's defense was that he was in Florida during the commission of the crimes, the trial court did not err in allowing into evidence an airline reservation printout showing that defendant had booked a seat on a flight originating from Greensboro on a critical date in question, since an airline employee testified that he was familiar with the interpretation of the computer records, that he knew how the information was gathered, stored and utilized, that the computer entries were made in the regular course of business and that they were based, defined and calculated on what he understood to be reliable systems and safeguards.

3. **Forgery § 2— jury instructions — failure to include intent as element of forgery — subsequent correct instruction adequate**

    The trial court's omission of the element of intent in its instruction on forgery was promptly corrected where the court shortly thereafter reiterated its definition of forgery, but included at that time a proper definition of the intent requirement for forgery.

APPEAL by defendant from *Kivett, Judge.* Judgments entered 12 June 1975 in Superior Court, GUILFORD County. Heard in the Court of Appeals 10 March 1976.

Defendant was charged under four separate indictments with various counts of forgery, conspiracy to utter a forged instrument, and conspiracy to forge. From pleas of not guilty, the jury returned verdicts of guilty of forgery and conspiracy to forge. From judgments sentencing him to terms of imprisonment, defendant appealed.

Other facts necessary for decision are set out below.

*Attorney General Edmisten, by Assistant Attorney General Ralf F. Haskell, for the State.*

*Assistant Public Defender David H. Beard for defendant appellant.*

MORRIS, Judge.

Defendant, whose defense was that he was in Florida during the commission of these crimes, contends that the trial court erred in admitting into evidence an airline reservation computer printout showing that defendant had booked a seat on a flight originating from Greensboro on a critical date in question. Specifically, defendant contends that witness William F. Hunter, Eastern Airlines Passenger Services Supervisor, was not "familiar" with the computerized records and computer operation and that the State consequently failed to show

" . . . in what form the information is retained in computer set in Charlotte; in what manner the information is transferred from Charlotte to Miami; in what form the information is retained in Miami; what procedures the Miami office went through to have information placed on the print-out introduced into evidence; how the information is fed into the computer in Miami; what type of computer the Charlotte Office uses either Ratheon, IBM or Univac; if it was IBM or Univac, whether the witness' testimony was based upon his use of Ratheon in Greensboro; any witness who had any passing mechanical knowledge of either computer."

Thus, defendant asserts that the State presented exhibit evidence without first laying a proper foundation required by G.S. 55-37.1 and 55A-27.1. We disagree.

[1]   Our Supreme Court, interpreting the record keeping provisions of G.S. 55-37.1 and 55A-27.1, has held " . . . that print-

State v. Stapleton

out cards or sheets of business records stored on electronic computing equipment are admissible in evidence, if otherwise relevant and material, if: (1) the computerized entries were made in the regular course of business, (2) at or near the time of the transaction involved, and (3) a proper foundation for such evidence is laid by testimony of a witness who is *familiar* with the computerized records and the methods under which they were made so as to satisfy the court that the methods, the sources of information, and the time of preparation render such evidence trustworthy." *State v. Springer,* 283 N.C. 627, 636, 197 S.E. 2d 530 (1973). (Emphasis supplied.)

[2] On voir dire examination, witness Hunter agreed that he was not a computer expert, but testified that he was "familiar" with the "interpretation" of the computer records and further that he knew how the information was gathered, stored and utilized. Mr. Hunter explained that when

" . . . a reservation is made we have what we call a C R T reservation set at our ticket counters and/or in a reservations office. The most important entries are flight, date, name, time of departure, time of arrival of a passenger. Those are the procedures that we follow when we are making reservations. Now, after those reservations are made in our computer office in Charlotte and after a 24-hour period, those records are forwarded to our Miami computer center for filing there."

Mr. Hunter further testified that the computer entries were made in the regular course of business and based, defined and calculated on what he understood to be reliable systems and safeguards.

Mr. Hunter, explaining the printout to the jury, testified that his airline held " . . . a reservation for R. Stapleton . . . [for a flight] from Greensboro to Atlanta on March 16 . . . and connecting to [a] flight . . . for Orlando, March 16. . . . [I]t was made through Charlotte Reservations General Sales office at . . . approximately 11:38 p.m. on the night of the 15th of March. It indicates that the call came from Golden Eagle Motel Downtown, Room 224-A, in Greensboro, North Carolina."

We hold that the State provided a proper foundation for the introduction of the airline reservation information.

Moreover, the evidence of a flight reservation was corroborated by Kenneth Lee Council, an alleged participant in the

offenses charged, who testified without objection, that defendant, while in North Carolina, had advised him that " . . . he was going to take the next flight out of Greensboro to Orlando. . . . " We find no merit in defendant's contention.

[3] Defendant next contends that the trial court erred in failing adequately and correctly to define forgery. We disagree.

During one initial portion of the charge on forgery the trial court failed to include the element of intent but advised the jury that it would " . . . go into this [definition] in more detail in a minute." Shortly thereafter, the trial court reiterated its definition, including this time a proper definition of the intent requirement for forgery. We hold that this total charge, when read contextually, properly defined forgery, and we find no prejudice to defendant.

We further note that this case is distinguishable from *State v. Jones*, 20 N.C. App. 454, 456, 201 S.E. 2d 552 (1974), wherein the trial court, after first failing to include any instruction on the intent element, stated subsequently that "fraudulent intent was immaterial." Here, unlike *Jones*, the trial court's omission was promptly corrected and the more complete and final instruction properly and correctly stated.

Defendant's remaining contentions go to various aspects of the charge, the indictment, and the trial court's rulings on certain motions. We have reviewed these contentions and find them also to be without merit.

No error.

Judges HEDRICK and ARNOLD concur.