STATE OF NORTH CAROLINA v. B. B. PASSMORE

No. 788SC127

(Filed 20 June 1978)

1. **Criminal Law §§ 80, 81— photostatic copy of business record**
    A photostatic copy of a computerized bank report was admissible pursuant to G.S. 8-45.1, if the original report was admissible, where a bank officer identified the exhibit as a photostatic copy of an unpostable report and testified that he made a copy after getting someone to produce the original through using the computer.

2. **Criminal Law § 80.1— computerized business records**
    In a prosecution for the intentional issuance of two worthless checks, a proper foundation was laid for the admission of a computerized bank report showing that two checks drawn on defendant's account were returned for insufficient funds and a computerized monthly statement of defendant's account where a bank officer identified the report as an unpostable report, testified that he was familiar with unpostable reports and that such reports are generated daily, and interpreted the report for the court, and where the officer identified the statement of defendant's account and related its contents.

3. **Attorneys at Law § 4— testimony by attorney**
    An attorney was not barred by the Disciplinary Rules of the Code of Professional Conduct from testifying in a prosecution for the issuance of two worthless checks where the attorney represented the prosecuting witness in attempting to procure payment by defendant of the debts for which the checks were given, and the trial court stated that the attorney was conferring with the district attorney during the trial but the attorney had no official responsibility in the conduct of defendant's criminal trial. Disciplinary Rules 5-101, 5-102.

**4. Criminal Law § 34.6— issuance of another worthless check—competency to show knowledge**

In a prosecution for the issuance of two worthless checks in October 1976, testimony by the prosecuting witness that in September 1976 defendant issued a check to his business which was returned for insufficient funds was admissible to show the status of defendant's account and defendant's knowledge thereof immediately before he wrote the checks at issue in the present case.

APPEAL by defendant from *Hobgood, Judge.* Judgment entered 13 September 1977 in Superior Court, WAYNE County. Heard in the Court of Appeals 31 May 1978.

Defendant was charged with the issuance of two checks with knowledge that he did not have sufficient funds in his account to pay said checks upon presentation. The defendant pled not guilty to each charge whereupon the State offered evidence tending to show the following:

The defendant is a used car dealer doing business as P & S Auto Sales in Carolina Beach, North Carolina. On 7 October 1976 the defendant purchased two automobiles from Eastern Auto Auction in Goldsboro, North Carolina. In payment for the automobiles the defendant issued two checks payable in the amounts of $1,095 and $2,280 and drawn on account number 0401713701 of the Bank of North Carolina, N.A., at Carolina Beach. The defendant signed each check as agent for P & S Auto Sales. On the same day the checks were deposited by Russell Vernon Lynch, the operator of Eastern Auto Auction, in the company account at Wachovia Bank & Trust Company. Ten to twelve days later, the checks were returned for insufficient funds. Lynch immediately notified the defendant that the checks had been returned and sent his attorney, Roland C. Braswell, to collect the debts. When Braswell confronted the defendant with the worthless checks, the defendant explained that he wrote the checks knowing that he had insufficient funds in his account from which to pay them, but intending to deposit funds to cover the checks before presentation.

As of 1 October 1976 the account of P & S Auto Sales reflected a balance of $136.11. On 6 October 1976 the balance had decreased to $71.11. A statement recording all transactions regarding the account in September of 1976 was mailed to the defendant in the latter part of that month.

The defendant offered evidence tending to show that on 7 October 1976 when he issued the two checks herein concerned he thought he had $4,700 to $4,900 on deposit in the account of P & S Auto Sales.

The jury found the defendant guilty of both charges of issuing worthless checks. From judgments imposing 6 months imprisonment for each conviction, suspended upon payment to Eastern Auto Auction of the amounts of $2,280 and $1,095, the defendant appealed.

*Attorney General Edmisten, by Assistant Attorney General Mary I. Murrill and Assistant Attorney General William B. Ray, for the State.*

*Hulse & Hulse, by Herbert B. Hulse, for the defendant appellant.*

HEDRICK, Judge.

The defendant first assigns as error the admission of State Exhibits 4 and 5. State Exhibit 4 was a photstatic copy of a computerized report from the operations center of the Bank of North Carolina. The report disclosed two checks drawn on account number 0401713701 for $1,095 and $2,280 which were returned for insufficient funds. State Exhibit 5 was a monthly statement of the account of P & S Auto Sales for the month 30 September through 29 October 1976 which reflected a balance on 6 October 1976, the day before the defendant issued the checks, of $71.11. The defendant contends that the State failed to establish a proper foundation prior to the introduction of these exhibits.

[1] According to G.S. 8-45.1 a photostatic copy of a business record, "when satisfactorily identified, is as admissible in evidence as the original itself in any judicial . . . proceeding." *See State v. Shumaker*, 251 N.C. 678, 111 S.E. 2d 878 (1960). State Exhibit 4 was identified by Walter W. Vatcher, an Assistant Operations Officer with the Bank of North Carolina, as a photostatic copy of an unpostable report. Vatcher testified that he "made a copy at the center after getting someone to produce the original through using the computer." We think this testimony brought the copy within the terms of G.S. 8-45.1. Consequently, if the original computerized report would be admissible in evidence, then State Exhibit 4 was properly admitted.

[2]   In *State v. Springer*, 283 N.C. 627, 197 S.E. 2d 530 (1973), our Supreme Court confronted the question of whether computer printout sheets of business records stored in electronic computers are admissible under an exception to the hearsay rule. Justice Huskins, speaking for the Court, wrote the following:

> We therefore hold that printout cards or sheets of business records stored on electronic computing equipment are admissible in evidence, if otherwise relevant and material, if: (1) the computerized entries were made in the regular course of business, (2) at or near the time of the transaction involved, and (3) a proper foundation for such evidence is laid by testimony of a witness who is familiar with the computerized records and the methods under which they were made so as to satisfy the court that the methods, the sources of information, and the time of preparation render such evidence trustworthy.

283 N.C. at 636, 197 S.E. 2d at 536. *See also State v. Stapleton*, 29 N.C. App. 363, 224 S.E. 2d 204, *appeal dismissed*, 290 N.C. 554, 226 S.E. 2d 513 (1976); 1 Stansbury's N.C. Evidence, § 155 (Brandis Rev. Supp. 1976).

Prior to the admission of State Exhibit 4 into evidence, Walter W. Vatcher testified that he was the Assistant Operations Officer with the Bank of North Carolina; that he had worked for the bank for 13 years; that he was familiar with unpostable reports; and that such reports are generated daily. Vatcher then interpreted Exhibit 4 for the court. Vatcher also identified State Exhibit 5 as a monthly statement of the account of P & S Auto Sales and related its contents. In our opinion Vatcher's testimony provided an adequate foundation under the standards set forth in *Springer* for the admission of each exhibit.

[3]   The defendant next assigns as error the trial court's denial of his several motions regarding a State witness, Roland C. Braswell. The defendant contends that since Braswell represented the prosecuting witness, Russell Lynch, in his dealing with the defendant and assisted the district attorney in the presentation of the State's case, he was barred from testifying by the Disciplinary Rules of the Code of Professional Conduct. Disciplinary Rule 5-101, which the defendant contends was violated by Braswell's appearance as a witness in this case, ad-

monishes an attorney against accepting employment when he knows that it will be necessary for him to testify on behalf of his client. Disciplinary Rule 5-102 prescribes that an attorney who after accepting employment is confronted with the necessity of appearing as a witness for his client should withdraw from his representation. Braswell's only connection with the present case was his representation of Lynch in attempting to procure payment of the defendant's obligations to Eastern Auto Auction. While the trial judge stated that Braswell was "conferring with the District Attorney" at one point during the trial, Braswell had no official responsibility in the conduct of the trial of the defendant on criminal charges. Thus, the terms of the Disciplinary Rules are clearly inapplicable and *Town of Mebane v. Insurance Co.*, 28 N.C. App. 27, 220 S.E. 2d 623 (1975), cited by the defendant, is distinguishable.

[4] Finally, the defendant contends that the trial court erred in admitting evidence of another offense committed by the defendant. The exceptions upon which this assignment is based refer to the testimony of Russell Lynch that in September of 1976 the defendant issued a check to him for $2,020.00 which was returned for insufficient funds. The law applicable to this assignment of error is stated in 1 Stansbury's N.C. Evidence, § 91 at 289-90 (Brandis Rev. 1973):

> Evidence of other offenses is inadmissible on the issue of guilt if its only relevancy is to show the character of the accused or his disposition to commit an offense of the nature of the one charged; but if it tends to prove any other relevant fact it will not be excluded merely because it also shows him to have been guilty of an independent crime.

In the present case the defendant had testified that in September he had on deposit in his account "in the neighborhood of $19,000.00 or $20,000.00" and that he was unable to recall whether he wrote a check on 11 September 1976 to Eastern Auto Auction which was subsequently returned for insufficient funds. In our opinion, the evidence challenged by this assignment was not for the sole purpose of impeaching defendant's character but was admissible to show the status of defendant's account and defendant's knowledge thereof immediately before he wrote the checks at issue in this case. *State v. Cruse*, 253 N.C. 456, 117 S.E.

2d 49 (1960). The defendant has failed to show any prejudicial error in the trial court's rulings with respect to this assignment.

We hold that the defendant received a fair trial free from prejudicial error.

No error.

Judges PARKER and MITCHELL concur.