**FEDERAL DEPOSIT INSURANCE CORPORATION, As Liquidating Agent for Republic Bank of Kansas City, Plaintiff,**

**v.**

**Preston KERR, Presco Industries, Inc., d/b/a Ellett Brothers, Ray Adams, Trustee for Ellett Brothers, Inc., Tuscarora Corporation, and Tuscarora Acquisition Company No. 6, Inc., Defendants,**

**and**

**Tuscarora Acquisition Company No. 7, Inc., Chilton Ellett, Allan C. Watkins, Trustee for the unsecured creditors of Ellett Brothers, Inc., Bancamerica Commercial Corporation, Eagle Oil & Development, Inc., and Leroy G. Bailey, Jr., and Robert D. Gorham, Jr., Additional Defendants.**

**No. C–C–85–74–P.**

United States District Court, W.D. North Carolina, Charlotte Division.

Aug. 15, 1986.

See also, D.C., 637 F.Supp. 828.

Gaston H. Gage, Parker, Poe, Thompson, Bernstein, Gage & Preston, Charlotte, N.C., Jeffrey S. Hacker, F.D.I.C., Dallas, Tex., John S. Gordon, Gordon & Gordon, Kansas City, Mo., for plaintiff.

Stuart N. Bennett, Carl A. Eklund, Denver, Colo., C. Richard Rayburn, James Smith, Charlotte, N.C., Harriet E. Styler, Salt Lake City, Utah, Rebecca L. Jackson, Washington, D.C., Ray Adams, Overland Park, Kan., Philip D. Lambeth, Charlotte, N.C., Michael J. Mahoney, Cleveland, Ohio, Sheila Janicke, Kansas City, Mo., Edgar Love, III, Charlotte, N.C., for defendants.

## ORDER

ROBERT D. POTTER, Chief Judge.

THIS MATTER is before the Court upon Motion of Defendant BancAmerica Commercial Corporation ("BACC") for an Order *In Limine* that John Gordon be precluded from testifying at trial or, alternatively, for an Order disqualifying John Gordon and the firm of Gordon and Gordon from serving as counsel for the FDIC in this case. BACC also requests that it be permitted to

take additional discovery from John Gordon.

The FDIC has listed John Gordon as a possible fact witness in this case and Gordon has filed factual affidavits regarding his efforts to obtain information about the transactions of January 30 and 31, 1985, and also regarding Daniel Flanigan.

On May 12, 1986, BACC filed a Notice to take John Gordon's deposition. On June 17, 1986, John Gordon obtained an Order in Missouri limiting inquiry at that deposition, which reads

[I]nquiry shall be limited to conversations that the deponent had with the defendants or their representatives which occurred on or before January 31, 1985. Deponent Gordon's Motion is sustained with respect to any conversations and correspondence he might have exchanged with employees of the Federal Deposit Insurance Corporation and with respect to any conversations and events which occurred after January 31, 1985.

At Gordon's deposition at Kansas City on June 25, 1986, Gordon refused to answer questions about conversations with third parties, which BACC asserts would have shown what notice Gordon had regarding the transactions which took place in Charlotte on January 30 and 31, 1985. He also refused to testify about meetings he had with Richard Smolev in mid-February, 1985 after the transactions inquired about had occurred.

At the hearing before Judge Wright on Gordon's Motion for a Protective Order, Gordon represented that he would not testify at trial as to any matters which he did not testify to at his deposition, however, he and his attorney declined to stipulate to that at the deposition itself, according to BACC.

On June 25, 1986, this Court informed the attorneys for the Defendants that they should try to gather the information regarding the notice of the transaction to the FDIC through John Gordon from other sources in light of the fact that the Protective Order had been entered over the subject matter of his deposition.

BACC contends that it seems probable that the FDIC intends to offer the testimony of John Gordon at trial regarding his conversations with Richard Smolev. Thus, BACC argues it is entitled to have John Gordon disqualified as a witness and not called by the FDIC and no testimony by him offered at trial under Federal Rule of Evidence 104(a). *See Town of Mebane v. Iowa Mutual Insurance Company*, 28 N.C.App. 27, 220 S.E.2d 623 (1975).

Alternatively, BACC argues it is entitled to have Gordon and the firm of Gordon and Gordon disqualified under Rule 5.2(B) of the North Carolina Rules of Professional Conduct. That rule provides that

(B) If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he or a lawyer in his firm ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial and his firm, if any, shall not continue representation in the trial, except that he may continue the representation and he or a lawyer in his firm may testify under the circumstances enumerated in (A) above.

In *Town of Mebane*, the court gave the plaintiff the option of either having its attorney testify or withdraw. Further, BACC contends that the disqualification of Gordon and Gordon would leave lead counsel of Parker, Poe in the case and would result in no substantial hardship to the FDIC.

In any event, BACC contends that it is entitled to depose John Gordon about his knowledge of the transaction prior to January 30, 1985 which is attributable to the FDIC and which he may have obtained from the Kirkland Company or from any other source and that it is also entitled to inquire about conversations he had with Richard Smolev.

In its response, filed August 6, 1986, to BACC's Motion, the FDIC contends that the Court should not order Mr. Gordon not to testify at trial nor should the Court disqualify Mr. Gordon and the law firm of Gordon and Gordon from further represen-

tation of this matter. The FDIC contends that BACC should bring any Motions seeking further discovery of Mr. Gordon before Judge Wright in Kansas City.

With respect to BACC's request that Gordon be precluded from testifying at trial or that the law firm of Gordon and Gordon be disqualified from further representation of the FDIC, the FDIC contends that both Rule 5.2 and the cases interpreting that rule require the withdrawal of counsel from representation of his client at trial if that counsel is going to testify on behalf of his client. The FDIC contends that at this time it has not determined who its lay witnesses will be and disqualification of Gordon at this juncture is unnecessary and would be highly prejudicial to the FDIC. The FDIC states that Gordon and his firm have represented the FDIC in this case since its inception, are uniquely familiar with it and are distinctly valuable to the FDIC in its continued prosecution. The FDIC further states that a disqualification at this time would work a substantial hardship on it while BACC would not be prejudiced by Gordon's continued representation until the time of trial.

Furthermore, the FDIC argues that *Town of Mebane* cited by BACC in its Motion, is distinguishable from the present situation in that the trial court in that case properly ordered the party's counsel to withdraw at the pretrial conference because of his intention to testify as a witness on behalf of his client. In *Stanwood Corp. v. Barnum*, 575 F.Supp. 1250 (W.D. N.C.1983) the Court stated that a party seeking disqualification must make a strong showing before a court will order disqualification. The FDIC argues that under *Stanwood Corp.* and Rule 5.2 of the North Carolina Rules of Professional Conduct, withdrawal of counsel under these circumstances would be more appropriate than the preclusion of counsel's testimony at trial. And to that end, the withdrawal of Gordon and Gordon from further representation of the FDIC at this point is inappropriate because the FDIC has not yet determined if Gordon's testimony would be necessary at trial. If the FDIC makes that determination then the Court can always

order Gordon and his firm's withdrawal from representation.

■ With respect to BACC's Motion seeking to compel further deposition of John Gordon, the FDIC argues that the Motion should be brought before Judge Wright. The FDIC contends that BACC seeks an order compelling Gordon to answer, at a second deposition, questions which he refused to answer at his first deposition. Gordon's refusal to answer the questions at the first deposition, however, was based on his belief that the questions exceeded the scope of the Protective Order entered by Judge Wright. Rule 37(a)(1) of the Federal Rules of Civil Procedure, requiring that an application for an order to a deponent who is not a party shall be made to the court in the district where the deposition is being taken, requires that BACC's Motion on this point be brought before Judge Wright. It relates to matters arising out of Gordon's deposition which Judge Wright entered a Protective Order over.

■ After carefully considering this matter, including BACC's most recent Memorandum, filed August 12, 1986, the Court agrees with the contentions of the FDIC and is of the opinion that BACC's Motions should be *denied*. If the FDIC determines that Gordon should be called as a witness at trial, then the Court, at the appropriate time, can order his withdrawal as well as that of the law firm of Gordon and Gordon. At this time, however, such a ruling is inappropriate. BACC's Motion for further discovery of Gordon is a matter that should be brought before Judge Wright in Kansas City since he has already heard arguments of counsel on Gordon's proposed deposition testimony and entered an Order limiting inquiry into the same.

### ORDER

THIS MATTER is before the Court upon Motion of Defendant BancAmerica Commercial Corporation ("BACC"), filed July 17, 1986 and supplemented on July 23, 1986, to compel discovery of the FDIC pursuant to Fed.R.Civ.P. 37(a).

BACC seeks an order compelling the FDIC to respond to requests made of it at

the 30(b)(6) deposition of the FDIC in Kansas City, Missouri on June 25, 1986. BACC sets forth several specific documents it contends to be entitled to:

(1) A copy of the written "suggestion," of June 23, 1986, setting forth certain documents submitted to the Court *in camera* pursuant to the FDIC's Motion for a protective order;

(2) A list of identifying documents withheld by the FDIC on the ground of privilege by date, author and type;

(3) A copy of the second letter from Flanigan's attorney to John Gordon which was referred to in the Marsha Martin Memorandum, subject of the Court's Order of June 24, 1986;

(4) Documentation regarding the pay-off figure prepared by or under the supervision of Marsha Martin and referred to at her deposition;

(5) A sample of each type of security agreement used by Republic Bank for different types of collateral, which the Court has previously described as an "overly broad" request;

(6) Page 2-a-41 of the memorandum entitled "Assets Subject to Adverse Classification" which this Court's Order of June 24, 1986 required to be produced.

BACC further requests that it be awarded the expenses of its Motion and appropriate sanctions.

In its Response to BACC's Motion, filed August 7, 1986, the FDIC states its position with respect to each request separately.

With respect to a copy of a written "suggestion" referred to by FDIC's counsel in Kansas City, the FDIC's Charlotte attorney does not recall making such a suggestion to the "Court in writing dated June 23, 1986 which set for those documents submitted to the Court *in camera....*" In addition, the FDIC states that a search for the written suggestion has been made but it has not been found.

On this subject, the Court notes that no such written suggestion has been found

in the files of this case or otherwise in the Court's office. The Court entered an Order of June 24, 1986 upon Motion of the FDIC for a protective order and Motions of the Defendants to compel production of documents. In issuing that Order, the Court reviewed numerous documents *in camera*, which it directed the FDIC to produce before the taking of various depositions that same week in order that the depositions could be carried out as scheduled without undue interruptions from objections and disputes arising over the production or withholding from production these materials. The Court is of the opinion that, under these circumstances, BACC's request should be *denied.*

With respect to a list identifying documents withheld by the FDIC, the FDIC states that BACC has never made a proper request for the same under the Federal Rules of Civil Procedure; and, that discovery with respect to those documents seems to have been concluded by this Court's Order of June 24, 1986.

On this point, the Court is of the opinion that the FDIC should furnish BACC a list identifying documents withheld by the FDIC from production by Order of this Court. The list should be prepared as specific as possible by date, author and type; the Court points out, however, that it has already reviewed these documents *in camera* in consideration for its June 24, 1986 Order and has ruled on the privileged nature of them.

With respect to a copy of the letter from Flanigan's attorney to John Gordon apparently received by him on January 25 and referred to in the Marsha Martin memorandum, the FDIC states that, on one hand, the original of that letter was addressed to Smolev, BACC's attorney at that time. The FDIC also states, on the other hand, that its investigation indicates that no such letter exists.

If the FDIC can state that an original of the letter was sent to Smolev, then it must also agree that such a letter exists. In any event, the FDIC should diligently reinvestigate its files for this letter. If the

letter is found, then the FDIC should produce the same, or if it objects to producing it on grounds of privilege, the FDIC should present the letter to the Court for an *in camera* determination.

With respect to documentation regarding the pay-off figure prepared by or under the supervision of Marsha Martin and referred to at her deposition, the FDIC states that the same has been turned over to Sheila Janicke, attorney for Kerr, Adams, and Presco Industries and that she was supposed to send copies to other defense counsel.

■ The FDIC should contact Attorney Janicke to make sure that she has sent copies of this documentation to other defense counsel, and if she has not, then the FDIC should copy the documentation and produce the same to defense counsel.

As to BACC's request for a sample of every type of security agreement used by Republic Bank, the Court has previously ruled this question. At the last paragraph on page five of the Court's Order of June 24, 1986, the Court described this request as "too broad for any reasonable response." Consequently, BACC's request on this matter should be *denied.*

With respect to page 2–a–41 of the memorandum entitled "Assets Subject to Adverse Classification," the FDIC simply states that the document was not among the files requested by BACC and that it is a matter already adjudicated by the Court.

■ The Court is of the opinion that the complete memorandum should be produced, and therefore, the FDIC should produce page 2–a–41 of the memorandum entitled "Assets Subject to Adverse Classification."

IT IS, THEREFORE, ORDERED that:

(1) BACC's request for the "suggestion" is DENIED;

(2) The FDIC furnish BACC a list identifying documents withheld by the FDIC from production by this Court's Order of June 24, 1986. This list should be prepared as specific as possible by date, author, and type;

(3) The FDIC reinvestigate its files for the letter from Flanigan's attorney to John Gordon apparently received by him on January 25 and referred to in the Marsha Martin memorandum. If the letter is found, the FDIC should produce the same to BACC, or if the FDIC objects to producing it on grounds of privilege, then it should present the same to the Court for an *in camera* determination;

(4) The FDIC contact Attorney Sheila Janicke to make sure she has sent to other defense counsel copies of documentation regarding the pay-off figure prepared by Marsha Martin or under her supervision and referred to at her deposition. If she has not, the FDIC should copy the documentation and produce the same to defense counsel;

(5) BACC's request for a sample of every type of security agreement used by Republic Bank is DENIED;

(6) The FDIC produce page 2–a–41 of the memorandum entitled "Assets Subject to Adverse Classification"; and

(7) BACC's request for expenses in bringing this Motion is DENIED.