* * * * * * * * * * *
Upon review of the documents from the pre-trial conference conducted by Deputy Commissioner Stanback with reference to the errors assigned, and after review of the briefs and hearing oral arguments from the parties, the Full Commission modifies the Order of the Deputy Commissioner.
 * * * * * * * * * * *
This matter was set for hearing before Deputy Commissioner Chrystal Redding Stanback on April 21, 2006, upon Defendants' Motion to Enforce the Mediated Settlement Agreement. A continuance was granted at the hearing, but Deputy Commissioner Stanback made pre-trial rulings, which are the subject of Defendants' appeal to the Full Commission.
On May 4, 2006, Deputy Commissioner Stanback filed an Order ruling, in part, that Stephen Kushner, an attorney with the firm of Morris, York, Williams, Surles Barringer (Morris York) representing Defendants in this matter, would not be allowed to testify as a *Page 2 
witness in this case unless the law firm of Morris York withdraws as counsel of record for Defendants. Attorney Kushner is the attorney who provided representation to Defendants up to a week prior to the hearing before Deputy Commissioner Stanback.
Defendants filed a Motion for Reconsideration and on June 6, 2006, Deputy Commissioner Stanback issued an Order denying Defendants' Motion for Reconsideration. On June 6, 2006, Defendants filed a notice of appeal to the Full Commission from Deputy Commissioner Stanback's Order. In their appeal to the Full Commission, Defendants alleged that the Deputy Commissioner's ruling was immediately appealable because it is inconsistent with the North Carolina Rules of Professional Responsibility and that the ruling affected a substantial right-namely, the parties right to choose their counsel. In addition, Defendants requested that the Full Commission stay all matters pending determination of Defendants' appeal. By Order filed June 7, 2006, Chairman Buck Lattimore granted Defendants' Motion to Stay proceedings pending review by the Full Commission.
This claim arises out of an injury by accident Plaintiff sustained on August 2, 1995. Following litigation, the parties entered into a Mediated Settlement Agreement (Agreement) on July 25, 2005. Plaintiff and his counsel (now withdrawn) attended the mediation. Attorney Kushner, as well as a claims adjuster for Michigan Mutual Insurance Company, attended the mediation representing Defendants. Plaintiff's former counsel, Defendants' Counsel Stephen Kushner, a representative for the carrier and Plaintiff signed the Agreement. Subsequently, Plaintiff refused to comply with the terms of the Agreement and Defendants filed a Motion to Enforce the Agreement, which was set for hearing before Deputy Commissioner Stanback.
Attorney Kushner acted as counsel for Defendants as recently as one week prior to the hearing before Deputy Commissioner Stanback on April 21, 2006, at which time he *Page 3 
communicated with Plaintiff's counsel regarding the pre-trial agreement. Thereafter, Roberta Sperry also in the Morris York firm was substituted as counsel for Defendants in place of Attorney Kushner.
Plaintiff contended that the Agreement was unfair on its face. Plaintiff further contended that the Agreement should be vacated because he was not competent to enter into the Agreement. In response, Defendants indicated they desired to call Attorney Kushner as a witness at hearing to testify regarding Plaintiff's conduct and demeanor at the mediated settlement conference to contradict Plaintiff's argument that he was incompetent to enter into the Agreement.
Generally, there is no right of immediate appeal from interlocutory orders. Goldston v. American Motors Corp., 326 N.C. 723, 725,392 S.E.2d 735, 736 (1990). "Ordinarily, an appeal from an interlocutory order will be dismissed as fragmentary and premature unless the order affects some substantial right and will work injury to appellant if not corrected before appeal from final judgment." Stanback v. Stanback,287 N.C. 448, 453, 215 S.E.2d 30, 34
(1975). Therefore, Defendants are not entitled to appeal from the interlocutory order disqualifying counsel unless the order deprived them of a "substantial right which [they] would lose absent a review prior to final determination." Robins Weill v. Mason,70 N.C. App. 537, 540, 320 S.E.2d 693, 696 (1984). "Essentially a two-part test has developed-the right itself must be substantial and the deprivation of that substantial right must potentially work injury to plaintiff if not corrected before appeal from final judgment." Goldston, 326 N.C. at 726,392 S.E.2d at 736.
In Goldston, our Supreme Court concluded that parties generally have a substantial right to have counsel of their choice to represent them and depriving parties of their choice of counsel could expose parties to potential injury unless corrected prior to trial and prior to appeal from final judgment. Goldston, 326 N.C. at 726-27, 392 S.E.2d at 736. In the instant case, the Full *Page 4 
Commission finds and concludes that the interlocutory order from which Defendants appeal affects a substantial right and is proper for immediate review.
Plaintiff argues that Rule 3.7(a) of the Revised Rules of Professional Conduct bars Attorney Kushner from testifying in this matter if the firm of Morris York is allowed to continue as counsel for Defendants. Rule 3.7(a) states that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness. Under Rule 3.7(a), a lawyer is only allowed to combine the roles of witness and advocate when: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services; or (3) the disqualification of the lawyer would work a substantial hardship on the client.
In the instant case, the proffered testimony is not related to an uncontested issue, is not related to the nature and value of legal services, and Defendants have not argued or offered any evidence that the disqualification of Attorney Kushner would work a substantial hardship on the client. Moreover, Defendants have not shown why the adjuster who was present at the mediation could not testify concerning Plaintiff's conduct and demeanor at the mediation.
Defendants argue, however, that the exception created under Rule 3.7(b) applies. Rule 3.7(b) states that "a lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7, conflict of interest, or Rule 1.9, duties to former clients. Here, no evidence has been presented that Rule 1.7 or Rule 1.9 would bar Attorney Kushner from being called as a witness pursuant to Rule 3.7(b). This exception does not appear to address the circumstance presented herein where the lawyer-advocate steps aside as counsel for the sole purpose of testifying as a witness for his client while his law firm continues to represent the client. *Page 5 
In Town of Mebane v. Iowa Mut. Ins. Co., 28 N.C. App. 27,220 S.E.2d 623 (1975), the North Carolina Supreme Court stated that it has historically discouraged the practice of attorneys testifying on behalf of clients, and although it has been allowed, in most instances the lawyer acting as a witness for his client had previously surrendered his right to participate in the litigation. Cf. FDIC v. Kerr, 111 F.R.D. 476
(W.D.N.C. 1986) ("Defendant's request that counsel for plaintiff be precluded from testifying at trial or that his law firm be disqualified from further representation of plaintiff would be denied, where plaintiff had not yet determined who its witnesses would be. If plaintiff subsequently determined that counsel should be called as a witness at trial, then the court, at the appropriate time, could order his withdrawal, as well as that of his law firm.").
Even if Attorney Kushner is not precluded by the Rules of Professional Conduct from testifying as a witness for the client, the Commission retains the inherent power to determine whether to allow Attorney Kushner to testify under the circumstance presented herein. The Commission is granted broad powers to perform the duties required of it by the Workers' Compensation Act. See Hogan v. Cone Mills Corp.,315 N.C. 127, 337 S.E.2d 477 (1985). This inherent power includes the authority to protect and determine the rights and liabilities of employees and employers. See Hanks v. Southern Public UtilitiesCo., 1936, 186 S.E. 252, 210 N.C. 312; see also Motsinger v.Perryman, 218 N.C. 15, 9 S.E.2d 511, 516 (1940) (Clarkson, Justice dissenting) ("In order to best effectuate the purpose of the Workmen's Compensation Act in the State of North Carolina, means were provided for the creation of a body known as the North Carolina Industrial Commission, it being made the duty and responsibility of the said Industrial Commission to enforce the terms and provisions of the said Workmen's Compensation *Page 6 
Act. The Industrial Commission was given broad power to formulate rules and regulations for the protection of all employees coming within the purview of this act.").
The Full Commission is of the opinion that even if the Rules of Professional Conduct would allow Attorney Kushner to be called as a witness and testify while the firm of Morris York continues as counsel for Defendants, Rule 3(f) of the North Carolina Industrial Commission Rules for Mediated Settlement and Neutral Evaluation Conferences prohibits Attorney Kushner from testifying in this matter. Rule 3(f) states:
 Inadmissibility of Mediation Proceedings.
Evidence of statements made and conduct occurring in a mediation conference shall not be subject to discovery and shall be inadmissible in any proceeding in the action or other actions on the same claim. However, no evidence otherwise discoverable shall be inadmissible merely because it is presented or discussed in a mediation conference.
Defendants have indicated in their arguments to the Full Commission that they desire Attorney Kushner to testify as to Plaintiff's conduct and demeanor at the mediated settlement conference to contradict Plaintiff's argument that he was incompetent to enter into the Agreement. Rule 3(f) of the Commission Rules for Mediated Settlement Conferences specifically states that evidence of conduct occurring in a mediated conference is inadmissible in any proceeding on the same claim. Accordingly, Attorney Kushner would not be allowed to testify as to Plaintiff's conduct or demeanor at the mediated settlement conference.
IT IS THEREFORE ORDERED that pursuant to Rule 3(f) of the Commission Rules for Mediated Settlement Conferences and the power and authority granted to the Industrial Commission under the Act, Stephen Kushner, former counsel of record for Defendants in this matter, will not be allowed to testify as a witness in this case.
 This the __ day of March 2007. *Page 7 
S/_______________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/________________________ CHRISTOPHER SCOTT COMMISSIONER
 S/_________________________ PAMELA T. YOUNG COMMISSIONER